By the Court.
The action below was upon a promissory note made by the defendant to the plaintiff for $1,000, dated September 15, 1882, payable four months after date. A number of defenses were pleaded: (1), A parol agreement made at the execution and delivery of the note, that it was not to become operative, unless a certain sum should be made from the manufacture and sale of a patent right, for which the note was given. (2), Failure of consideration. (3), Fraud in obtaining the note, and (4), a subsequent agreement by which the note was to *65 be cancelled. Issues of fact having been made by a reply to thése several defenses, a trial was had to a jury, which found generally for the defendants “on the issues joined.” On the trial an exception was reserved to the admission of evidence offered by the defendants, to the effect that, by an oral agreement, the notes were not to be transferred, “and were to be null and void,’’unless within a year the makers should be able to make $1,750 net from the manufacture and sale of the patent right. A motion for a new trial on the ground that the admission of this evidence was error, was made and overruled, to which the plaintiff excepted. Judgment was rendered for the defendants, which was affirmed by the circuit court.
We are of the opinion that the evidence was improperly admitted, as tending to vary the terms of a written instrument. The note became operative on its delivery, and the evidence could only tend to defeat it by establishing a condition subsequent; and, being in parol, was not competent for such purpose. But the issue on this defense was not the only one submitted to the jury, and, as the verdict was general, for aught that appears from the record, the defendants may have been entitled to judgment upon one, or all, of the other defenses. Hence on the authority of Sites v. Haverstick, 23 Ohio St., 626, the judgment must be

Affi/rmed.